**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Rigoberto Martinez, Helen Orgeron, Marilyn Tissaw and Julian Zimmerman, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.   10 C 5985 |
| | ) | |
| Portfolio Recovery Associates, LLC, a Delaware limited liability company, | ) ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiffs, Rigoberto Martinez, Helen Orgeron, Marilyn Tissaw and Julian Zimmerman, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and allege:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.    Plaintiff, Rigoberto Martinez ("Martinez"), is a citizen of the State of Oklahoma, from whom Defendant attempted to collect a delinquent consumer debt owed for an HSBC/Best Buy credit card, despite the fact that he was represented by the

legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Plaintiff Helen Orgeron ("Orgeron"), is a citizen of the State of Louisiana, Plaintiff Marilyn Tissaw ("Tissaw"), is a citizen of State of Idaho, and Plaintiff Julian Zimmerman ("Zimmerman") is a citizen of the State of West Virginia, from whom Defendant attempted to collect delinquent consumer debts, despite the fact that they were represented by the legal aid attorneys at the Chicago Legal Clinic's LASPD program, located in Chicago, Illinois.

5. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant PRA operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant PRA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiffs.

6. Defendant PRA is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, PRA conducts business in Illinois.

7. Moreover, Defendant PRA is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, PRA acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

### Mr. Rigoberto Martinez

8.      Mr. Martinez is a disabled person, with limited assets and income, who fell behind on paying his bills, including a debt he owed for an HSBC Bank/Best Buy credit card.  At some point in time after that debt became delinquent, it was purchased by Defendant PRA, and when PRA began trying to collect this debt from Mr. Martinez, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant PRA's collection actions.

9.      On February 13, 2010, one of Mr. Martinez's attorneys at LASPD informed PRA, in writing, that Mr. Martinez was represented by counsel, and directed PRA to cease contacting him, and to cease all further collection activities because Mr. Martinez was forced, by his financial circumstances, to refuse to pay his unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit C.

10.      Nonetheless, Defendant PRA sent a collection letter, dated July 28, 2010, directly to Mr. Martinez, which demanded payment of the HSBC/Best Buy debt.  A copy of this letter is attached as Exhibit D.

11.      Accordingly, on August 16, 2010, Mr. Martinez's LASPD attorney had to send Defendant PRA another letter, to direct it again to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit E.

### Ms. Helen Orgeron

12.      Ms. Orgeron is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Bank of America credit card. At some point in time after that debt became delinquent, it was purchased by Defendant

3

PRA, and when PRA began trying to collect this debt from Ms. Orgeron, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant PRA's collection actions.

13. On October 6, 2009, one of Ms. Orgeron's attorneys at LASPD informed PRA, in writing, that Ms. Orgeron was represented by counsel, and directed PRA to cease contacting her, and to cease all further collection activities because Ms. Orgeron was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit F.

14. Nonetheless, Defendant PRA sent a collection letter, dated July 28, 2010, directly to Ms. Orgeron, which demanded payment of the Bank of America debt. A copy of this letter is attached as Exhibit G.

15. Accordingly, on September 7, 2010, Ms. Orgeron's LASPD attorney had to send Defendant PRA another letter, to direct it again to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit H.

**Ms. Marilyn Tissaw**

16. Ms. Tissaw is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Wells Fargo account. At some point in time after that debt became delinquent, it was purchased by Defendant PRA, and when PRA began trying to collect this debt from Ms. Tissaw, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant PRA's collection actions.

17. On January 11, 2010, one of Ms. Tissaw's attorneys at LASPD informed PRA, in writing, that Ms. Tissaw was represented by counsel, and directed PRA to

cease contacting her, and to cease all further collection activities because Ms. Tissaw was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit I.

18.     Nonetheless, Defendant PRA sent a collection letter, dated July 28, 2010, directly to Ms. Tissaw, which demanded payment of the Wells Fargo debt.  A copy of this letter is attached as Exhibit J.

19.     Accordingly, on September 13, 2010, Ms. Tissaw's LASPD attorney had to send Defendant PRA another letter, to direct it again to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit K.

**Mr. Julian Zimmerman**

20.     Mr. Zimmerman is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a Lowes credit card.  At some point in time after that debt became delinquent, it was purchased by Defendant PRA, and when PRA began trying to collect this debt from Mr. Zimmerman, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant PRA's collection actions.

21.     On April 3, 2010, one of Mr. Zimmerman's attorneys at LASPD informed PRA, in writing, that Mr. Zimmerman was represented by counsel, and directed PRA to cease contacting him, and to cease all further collection activities because Mr. Zimmerman was forced, by his financial circumstances, to refuse to pay his unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit L.

22.     Nonetheless, Defendant PRA sent a collection letter, dated July 28, 2010, directly to Mr. Zimmerman, which demanded payment of the Lowes debt.  A copy of this

5

letter is attached as Exhibit M.

23.     Accordingly, on September 16, 2010, Mr. Zimmerman's LASPD attorney had to send Defendant PRA another letter, to direct it again to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit N.

24.     Defendant PRA's collection actions complained of herein occurred within one year of the date of this Complaint.

25.     Defendant PRA's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

26.     Plaintiffs adopt and reallege ¶¶ 1-25.

27.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

28.     Here, the letters from Mr. Martinez's, Ms. Orgeron's, Ms. Tissaw's and Mr. Zimmerman's agent, LASPD, told Defendant PRA to cease communications and cease collections.  By continuing to communicate regarding these debts and demanding payment, Defendant PRA violated § 1692c(c) of the FDCPA.

29.     Defendant PRA's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

30.     Plaintiffs adopt and reallege ¶¶ 1-25.

31.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

32.     Defendant PRA knew that Mr. Martinez, Ms. Orgeron, Ms. Tissaw and Mr. Zimmerman were represented by counsel in connection with their debts because their attorneys at LASPD had informed Defendant, in writing, that they were represented by counsel, and had directed Defendant PRA to cease directly communicating with them. By directly sending Mr. Martinez, Ms. Orgeron, Ms. Tissaw and Mr. Zimmerman subsequent collection letters, despite being advised that they were represented by counsel, Defendant PRA violated § 1692c(a)(2) of the FDCPA.

33.     Defendant PRA's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiffs, Rigoberto Martinez, Helen Orgeron, Marilyn Tissaw and Julian Zimmerman, pray that this Court:

1.     Find that Defendant PRA's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiffs Martinez, Orgeron, Tissaw and Zimmerman, and against Defendant PRA, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiffs, Rigoberto Martinez, Helen Orgeron, Marilyn Tissaw and Julian

Zimmerman, demand trial by jury.

Rigoberto Martinez, Helen Orgeron,
Marilyn Tissaw and Julian Zimmerman,

By: /s/ David J. Philipps_____
One of Plaintiffs' Attorneys

Dated:  September 21, 2010

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com